CHARLES F. JOHNSON, Respondent, *v.* BROADWAY & SEVENTH AVE. R. R. Co. Appellant.

*Supreme Court, Second Department, General Term, June 28, 1889.*

1. *Evidence. Physician.*—In an action for personal injuries, the admission of testimony of a physician as to whether the plaintiff can walk without a cane, is within the discretion of the trial court, especially under a general objection.
2. *Same. Expert.*—Testimony of an expert witness, as to whether plaintiff will recover, is proper.
3. *Same. Leading questions.*—Leading questions are always discretionary.
4. *Trial. Charge.*—A refusal to charge that there is no evidence to justify any allowance for future damages, or for permanent disability, is not error, where there is testimony that plaintiff cannot recover from his injuries.

Appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial.

*Root & Clark*, for appellant.

*J. Edw. Swanstrom*, for respondent.

PRATT, J.—Plaintiff was injured while alighting from defendant's car, in which he was a passenger.

There was a conflict of testimony on the trial as to whether the injuries were caused by the sudden starting of the car, after it had been stopped at plaintiff's request, and while he was in the act of alighting therefrom, or whether they were the result of plaintiff's attempt to alight from the car while it was in motion and before it had been stopped. That question was properly left to the jury.

We are unable to see that any error was committed on the trial. The exception which the appellant now seeks to sustain on the ground that the question was leading, was taken under a general objection to the question, without specifying any ground. It would have been in the discretion of the court to allow the question, even if it had been objected to on the ground that it was leading.

The question was properly allowed. The witness Dr. Lumbeck had testified that he had been a physician and surgeon for eighteen years; that he examined plaintiff with respect to his condition, and found him partially paralyzed in the lower part of the spine and left side, and his left leg and arm in a partial state of paralysis; that there was a defective sensitiveness in the small of the back, the left leg and left arm; and that those conditions made him half useless or half powerless and perceptibly lame. Ample foundation for the question has thus been laid.

Nor was there any error in the refusal of the court to charge as requested. Dr. Lumbeck had testified that, in his opinion, from the examination he had made of plaintiff, he would not recover from his injuries. That testimony was positive as to plaintiff's injuries.

The judgment and order appealed from should be affirmed, with costs.

DYKMAN, J., concurs.

BARNARD, P. J. (concurring).—The evidence shows that the defendants failed to give the plaintiff, who was a passenger, time to get off from the car when he arrived at the end of his journey. The conductor stopped the car, and before the plaintiff could put his foot upon the ground, and while he was upon the step of the back platform, in the act of stepping off, the car gave a jump forward and threw the plaintiff at full length upon the street. The injury was very severe. A partial paralysis of the left side of the plaintiff resulted. The accident happened in September, 1887, and the plaintiff could do no work until March, 1888. Since then he could not do the same work, and his injuries caused him a loss of twenty-five dollars per week up to the time of trial in January, 1889. Since plaintiff has been at work, he has constant pain in his side, and cannot bend to the floor and lift heavy things up, and suffers from sleeplessness.

There was proof given tending to show that the partial paralysis continued, and that the plaintiff is, to a certain extent, lame, and that he will never recover. Three objections were taken on the trial. A direct question was asked by the plaintiff's counsel of the physician, whether the plaintiff could walk without a cane. A general objection was taken and the answer permitted. Leading questions are always discretionary, and this one certainly did no harm. The fact was proven as to the paralysis of the left side, and that one side was useless. The witness did not answer the question further than to say that the paralysis made a perceptible lameness. The physician was asked whether, in his opinion, the plaintiff would recover. The question is a proper one. The witness had been a surgeon for eighteen years and was qualified to give an opinion as to the result of the injury, whether curable or not.

If this proof were proper, then it was not error to permit the jury to consider how far the plaintiff was disabled, and to consider that in arriving at a verdict.

No other exceptions are presented as a reason for a new trial.

The judgment should therefore be affirmed, with costs.